IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ABDUL NOOH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02833-JTF-dkv |
| | ) | |
| CIT GROUP CONSUMER | ) | |
| FINANCE, INC., | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEM, INC., | ) | |
| BANK OF AMERICA, NATIONAL | ) | |
| ASSOCIATION, | ) | |
| DITECH FINANCIAL, LLC, | ) | |
| BANK OF NEW YORK MELLON, | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| WILSON & ASSOCIATES, PLLC., | ) | |
| BELGRAVIA SQUARE, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATIONS
AND ORDERING CASE DISMISSED WITH PREJUDICE**

Before the Court are Motions to Dismiss separately filed by all of the Defendants in this case. (ECF Nos. 16, 19, 23, 26, 30 & 33.)[1] The motions were referred to the assigned United States Magistrate Judge for management of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and 28 U.S.C. §§ 636 (b)(1)(B) & (C) and West Tenn. L.R. 4.1(b)(1). On April 5,

---

[1] A Motion to Dismiss was filed by CIT Group Consumer Finance, Inc. on December 13, 2017 to which a Response in Opposition was filed by Plaintiff on December 27, 2017. (ECF Nos. 16 & 21.)

A Motion to Dismiss was filed by Bank of New York Mellon, Bayview Loan Servicing, LLC on December 22, 2017. (ECF No. 19.)

A Motion to Dismiss was filed by Mortgage Electronic Registration System, Inc. (MERS) on January 4, 2018. (ECF No. 23.)

A Motion to Dismiss was filed by Wilson & Associates, PLLC on January 11, 2018. (ECF No. 30.)

Defendant Ditech Financial, LLC's filed a Joinder on February 14, 2018, requesting to join the previously filed Motions to Dismiss by Defendant CIT in its entirety, Defendants Bayview Loan Servicing and Bank of New York Mellon, ECF No. 19, and Defendant Bank of America, N.A. (ECF No. 26).

1

2018, the Chief Magistrate Judge issued a Report and Recommendations on the Defendants' Motions to Dismiss in which she recommended that all of the motions to dismiss be granted and that all of Nooh's claims against the Defendants be dismissed. (ECF No. 42.) To date, Plaintiff has not filed any objections to the Chief Magistrate Judge's Report and Recommendations and the time allowed for doing so has expired. Accordingly, the Court adopts the Report and Recommendations and finds that the Defendants' Motions to Dismiss should be Granted.

I. **STANDARD OF REVIEW**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 F. App'x 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge submits to a district judge proposed findings of fact and recommendations, any party may serve and file written objections to such proposed findings and recommendations in accordance with the rules of court. 28 U.S.C. §§ 636(b)(1)(B)-(C). After reviewing the evidence, the Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge. *Id.* A Court need not review any portion of the recommendation to which a plaintiff does not specifically object. Therefore, it may adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). As noted, Plaintiff has not filed any objections to the Chief Magistrate Judge's Report and Recommendations in this case.

II. **FINDINGS OF FACT**

On December 30, 2005, Plaintiff Abdul Nooh obtained a loan from Defendant CIT in the amount of $259,200 to purchase property located at 9757 Woodland Edge Lane in Cordova, Tennessee. The Note and Deed of Trust were subsequently assigned to other parties, including

Bank of New York Mellon. However, Wilson and Associates foreclosed on the property on November 17, 2017, causing the property to be sold to Belgravia Square, LLC. Recognizing the limited facts that are alleged by Nooh in his Complaint and the subsequently filed "Replevin Complaint," the Chief Magistrate Judge generally construed this case as fifteen purported claims against seven separately-named Defendants in an effort to set aside the foreclosure.[2] (ECF No. 1, 11-34.) As there are no objections, the Court adopts the factual history provided in the Report and Recommendations. (ECF No. 42, 1, 3-7 fn. 8.)

### III. ANALYSIS

The Chief Magistrate Judge addressed all of Plaintiff's claims and recommended dismissal of the case for the following reasons:

*Nooh's Claims of Fraud and Breach of Contract Against CIT*

First, the Chief Magistrate Judge asserted that Nooh's causes of action against CIT for fraud and fraudulent inducement should be dismissed as barred by the three year statute of limitations. Although the loan, Note and Deed of Trust were issued by CIT on December 30, 2005, Plaintiff did not file his Complaint until November 13, 2017. (ECF Nos. 16-1 & 16-2.) The three year time period for filing the claims of fraud or fraudulent inducement precludes these claims. *See* Tenn. Code Ann. § 28-3-105.

In addition, the Chief Magistrate Judge concluded that Nooh's fraud claims fail to meet the Rule 9(b) pleading requirement. Plaintiff clearly fails to explicitly assert what statements were fraudulent and who made them despite the explicit provisions within the note and deed allowing a transfer and assignment of the note. Furthermore, Nooh executed an Adjustable Rate

---

[2] These Defendants are CIT Group Consumer Finance, Inc., ("CIT"), Mortgage Electronic Registration System, Inc., Bank of America, N.A., Ditech Financial, LLC f/k/a Green Tree Servicing, LLC, Bank of New York Mellon, f/k/a Bank of New York as Trustee for Certificateholders CWABS, Inc., Asset-Based Certificates, Series 2006-Bc3 ("Bank of New York Mellon"), Bayview Loan Servicing, LLC, and Wilson & Associates. (ECF Nos. 1 & 13).

Promissory Note that provides: "I understand that You may transfer this Note." (ECF No. 16-1, 1, Exhibit A). The Chief Magistrate Judge properly concluded that in executing the note, Nooh agreed that CIT was the owner and holder of the note at issue and beneficiary of the Deed of Trust. (ECF No. 42, 10.) The Deed of Trust also provided that successors and assigns would be bound by the covenants of the deed of trust. (ECF No. 16-2, 4, ¶ 12.) Plaintiff merely avers that "defendant CIT intentionally made material misstatements, and/or omissions in relation to the alleged mortgage loan which Plaintiff relief upon to his detriment." (ECF No. 1, ¶ 36.) Therefore, any assertions that CIT misrepresented its ability to assign or transfer the note are insufficiently pled and therefore should be dismissed under Rule 12(b)(6). *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003).

The Chief Magistrate Judge correctly concluded that the Tennessee six-year statute of limitations bars Nooh's alleged breach of contract claims against CIT. (ECF No. 42, 12-13 & ECF No. 1, 5-6, ¶¶ 18-20.) Plaintiff's complaint was filed almost twelve years after the Note and Deed of Contract were executed with CIT and therefore, this claim is barred by the applicable statute of limitations. As noted by the Chief Magistrate Judge, Plaintiff's claims regarding a failure to extend a loan, honor the loan commitment, or breach a fiduciary duty, ECF No. 1, 18-19, are all equally without merit. Generally, a fiduciary relationship does not exist between a lender and borrower absent special facts and circumstances and would nevertheless, be barred by the applicable three year statute of limitations. *See Keller v. Colgems-EMI Music, Inc. et al*, 924 S.W.2d 357, 360 (Tenn. App. 1996) and *SecurAmerica Business Credit v. Schledwitz*, No. W2012-02605-COA-R3-CV, 2014 WL 1266121, at *23 (Tenn. App. March 28, 2014) (quoting *Oak Ridge Precision Industries, Inc. v. First Tennessee Bank Nat. Ass'n*, 835 S.W.2d 25, 30 (Tenn. App. 1992)). The Chief Magistrate Judge properly

recommended dismissal of these claims.

*Nooh's State Law Claims Against all of the Defendants Regarding Securitization and Assignment*

The Chief Magistrate Judge recommended dismissal of Plaintiff's fraud claim against all of the Defendants for failure to disclose that the loan was securitized because: (1) Plaintiff has failed to plead this claim under the heightened standard of Rule 9(b); (2) there was no fiduciary relationship between the parties that imposed a duty to disclose this fact; (3) Plaintiff's obligations under the Note were not absolved by securitization or protected from foreclosure; and (4) the securitization of the loan did not render the Note or Deed of Trust unenforceable. (ECF No. 42, 14-16.) As noted, securitization is a separate contract having separate obligations from a Note or Deed of Trust. *Lorrie Thompson v. Bank of America, N.A., et al.*, 773 F.3d 741, 747-50 (6th Cir. 2014)("securitization of a note does not alter the borrower's obligation to repay the loan); and *Dauenhauer v. Bank of New York Mellon,* 562 F. App'x 473, 478-81 (6th Cir. 2014). The Chief Magistrate Judge also found that Nooh's claims of non-compliance with the associated "Pooling and Servicing Agreements" ("PSAs") and challenges to the assignments of the Note and Deed of Trust fail due to his lack of standing to raise these claims. *Dauenhauer,* 562 F. App'x at 480 and *Livonia Prop. Holdings, LLC. v. 12840 -12976 Farmington Road Holdings, LLC*, 717 F. Supp.2d 724, 748 (E.D. Mich. 2010) *aff'd*, 399 F. Appx 97 (6th Cir. 2010). The Chief Magistrate Judge has properly recommended dismissal of these claims.

*Other State Law and Miscellaneous Challenges to the Foreclosure Process*

The Report and Recommendation provides that all of the various state law claims against the Defendants should be dismissed. The Chief Magistrate Judge determined that Plaintiff has failed to aver facts supporting: (1) any irregularity or misconduct during the foreclosure process; (2) any evidence of misconduct or fraud that would justify setting aside the foreclosure; (3) an

intentional infliction of emotional distress claim; (4) that Plaintiff fulfilled his obligations under the Note and Deed of Trust to obtain title to the property; (5) a slander-of-title claim; (6) an unjust enrichment claim; (6) civil conspiracy claim; and finally, (7) an unlawful interference with possessory interest against all the defendants. (ECF No. 42, 22-25.) In no uncertain terms, the Chief Magistrate Judge correctly found that Plaintiff's allegations within the Complaint simply asserted the requisite elements for these state law claims and blatantly lacked facts that would render any of these claims viable. The Court agrees.

### *Truth in Lending Act and RESPA Claims*

Plaintiff alleges that the Defendants violated provisions of the Truth-In-Lending Act (TILA) by failing to provide proper disclosures, information and offer other options in violation of 15 U.S.C. § 1601(a) and 16 U.S.C. §1635. These claims are all barred by the applicable one year statute of limitations under 15 U.S.C. § 1640 (e) as indicated, the loan at issue was executed between the parties on December 30, 2005. Similarly, Plaintiff's Real Estate Settlement Procedures Act ("RESPA'") claims are also time barred as having not been filed within the associated one or three year statutory period allowed. See 12 U.S.C. § 2614. The Chief Magistrate Judge has correctly recommended dismissal of these claims. (ECF No. 42, 26.)

### *Action for Replevin*

*Citing Jones v. Mangrum*, the Chief Magistrate Judge found that the Amended Complaint for Replevin fails to state a claim because an action for writ of replevin may only be brought to recover personal property, not real property. *See Jones v. Mangrum*, No. 3:16-cgv-3137, 2017 WL 712755 at *3 (M.D. Tenn. Feb. 23, 2017). The law is clear on this issue as well. The underlying dispute in this case involves the foreclosure of real property for which an action for replevin is inapplicable. As such, the Amended Complaint for Replevin should also be

dismissed under Fed. R. Civ. P. 12(b)(6), as recommended. (ECF No. 42, 27-28.) As stated, Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation as required under 28 U.S.C. §636(b)(1)(C). *Thomas*, 474 U.S. at 149-52 (1985).

**CONCLUSION**

For the reasons provided above, the Court finds that the Magistrate Judge's Report and Recommendations, ECF No. 42, should be Adopted in its entirety. Accordingly, the Defendants' Rule 12(b)(6) Motions to Dismiss, ECF Nos. 16, 19, 23, 26, 30 & 33, are all Granted and the case is Ordered Dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** on this 23rd day of May, 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE